IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerard J. Van Hoorelbeke, #10376-029, | ) C/A No.: 0:10-659-CMC-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| United States of America, | ) |
| Warden of F.C.I. Edgefield, | ) |
| Respondents. | ) |

The petitioner, Gerard J. Van Hoorelbeke ("Petitioner"), a self-represented federal inmate, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at FCI-Edgefiled which is located in the state of South Carolina. Petitioner was indicted in the District Court of Nevada in 1992 for conspiracy to distribute and possess with intent to distribute a controlled substance; distribution of cocaine, aiding and abetting; unlawful use of a firearm; and felon in possession of a firearm, aiding and abetting. He alleges, among other things, that the indictment "on its face" is unconstitutional, that Title 18 is not the law of the United States, that the District Court of Nevada did not have subject matter jurisdiction to convict and sentence him, and that the District Court of Nevada "lack[ed] territorial jurisdiction." In his prayer for relief he states: "release me forthwith."

After petitioner's conviction and sentence were entered in the United States District Court for the District of Nevada, the Ninth Circuit affirmed his conviction and sentence. Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which was denied by the district court, and the Ninth Circuit once again affirmed.

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this district in 2008 raising a Watson[1] claim. Summary judgment was granted for the respondents. Petitioner now files this second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; other habeas corpus statutes, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[1] See Watson v. United States, 552 U.S. 74, 128 S. Ct. 579 (2007).

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989) (insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) (formerly 28 U.S.C. § 1915(d)), as "frivolous").

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. See In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997) (collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080, (7th Cir. 1994). Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255.

> Notwithstanding [the petitioner] captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255 . . . ." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

See United States v. Morehead, 2000 WL 1788398 (N.D.Ill., December 4, 2000).

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement." Dumornay v. United States, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy." Id. (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention.' " Id. (citing

*PJG*

Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964)).

Petitioner, however, has not shown, or even attempted to show, that a Section 2255 motion is inadequate or ineffective to test the legality of his sentence. If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. Williams, 323 F.2d at 673; see also In re Avery W. Vial, 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); Atehortua v. Kindt, 951 F.2d 126 (7th Cir. 1991) (petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

If a petitioner does not set forth any set of facts which could be construed to show that a second or successive § 2255 motion would be inadequate or ineffective, his Section 2241 petition may not be heard. The United States Court of Appeals for the Fourth Circuit set forth the test to determine if a §2255 motion would be inadequate or ineffective in In re Jones, 226 F.3d 328, 333-34 (4th Cir.2000). The Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-334. Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in Jones. As a result, this court does not have

jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Since the petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, this matter should be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3 (N.D.Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 9, 2010
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).